THE VESPI LAW FIRM, LLC
Jared E. Drill - 004702000
361 Union Boulevard
Totowa, New Jersey 07512
TEL: 973-633-1000
Attorneys for Plaintiffs Nathaniel Capeles, et al

| | |
|---|---|
| NATHANIEL CAPELES, JACQUELINE CAPELES, *his wife per quod*, and JACQUELINE CAPELES g/a/l ETHAN CAPELES, DEVIN CAPELES, LYDIA CAPELES,<br><br>    Plaintiff(s),<br><br>  vs.<br><br>JACOB LADD, AIRBNB, BNBS R US, ABC CORPORATION 1-10, ABC MAINTENANCE 1-10, XYZ MANAGEMENT 1-10 and JOHN/JANE DOES 1-10 (last four names being fictitious and presently unknown<br><br>    Defendant(s). | UNITED STATES DISTRICT COURT OF NEW JERSEY<br><br>DOCKET NO.:<br><br>      Civil Action<br><br>**COMPLAINT, JURY DEMAND AND DEMAND TO ANSWER UNIFORM AND SUPPLEMENTAL INTERROGATORIES, DEMAND FOR DOCUMENTS, AND DEMAND OF INSURANCE COVERAGE** |

Plaintiff, NATHANIEL CAPELES, JACQUELINE CAPELES *per quod*, and

JACQUELINE CAPELES as g/a/l for ETHAN CAPELES, DEVIN CAPELES, LYDIA

CAPELES, *individually*, by way of Complaint and jury demand, says as follows:

## PARTIES

1. Plaintiff, NATHANIEL CAPELES, 31 East 27th Street, Bayonne, New Jersey,

was a business invitee and lawfully on the property located at or near 284 Ken Lin Drive,

Myerstown, Pennsylvania on the date of the subject accident.

2. Defendant, JACOB LADD, owned, managed, operated, maintained, and/or

otherwise controlled, as owner, landlord, lessee and/or lessor, a property located at or near 284

Ken Lin Drive, Myerstown, Pennsylvania on the date of the subject accident.

3.     Defendant, AIRBNB, is a Delaware corporation headquartered in San Francisco, California on the date of the subject accident.

4.     Upon information and belief, Defendant, BNBS R US, is a Delaware corporation headquartered in San Francisco, California on the date of the subject accident.

5.     ABC CORPORATIONS 1-10 (names being fictitious and presently unknown), are named as Defendant(s) herein and intended to represent any company(ies), partnership(s), corporation(s), or other business entity(ies), whose identity is presently unknown, who may have caused or contributed to the negligence causing this incident, or that may be otherwise liable for payment of damages for the negligence and/or recklessness of others.

6.     ABC MAINTENANCE 1-10 (names being fictitious and presently unknown), are named as Defendant(s) herein and intended to represent any company(ies), partnership(s), corporation(s), or other business entity(ies), whose identity is presently unknown, who may have caused or contributed to the negligence causing this incident, or that may be otherwise liable for payment of damages for the negligence and/or recklessness of others.

7.     XYZ MANAGEMENT 1-10 are named as Defendant(s) herein and intended to represent any company(ies), partnership(s), corporation(s), or other business entity(ies), whose identity is presently unknown, who may have caused or contributed to the negligence causing this incident, or that may be otherwise liable for payment of damages for the negligence and/or recklessness of others.

8.     JOHN/JANE DOES 1-10 (names being fictitious and presently unknown), are named as Defendant(s) herein and intended to represent any individual(s), whose identity is presently unknown who may have caused or contributed to the negligence causing this incident,

or that may be otherwise liable for payment of damages for the negligence and/or recklessness of others.

## FIRST COUNT

1.      The Plaintiffs repeats, reiterates and realleges each and every allegation contained in The Parties if set forth herein at length.

2.      On or about July 1, 2023, the plaintiff, NATHANIEL CAPELES, was a business invitee of defendants, JACOB LADD, AIR BNB, BNBS R US and/or ABC CORPORATION 1-10 and was lawfully using a zipline provided by defendant JACOB LADD and advertised by defendant AIRBNB as an amenity and selling point of the property, that was located at or near 284 Ken Lin Drive in Myerstown, Pennsylvania plaintiff was caused to fall due to a hazardous and dangerous zipline setup upon the property, namely when the unsecured, unattended, uninstructed, improperly used zipline provided with no safety harness, or lock in mechanism for the zipline rider jerked back causing the plaintiff to fall ten feet to the ground, severely injuring his body. Defendant's conduct was careless, negligent, reckless in both advertising and in the use and operation of said zipline.

3.      At the aforesaid time and place, the Defendants, through their respective agents, servants and employees, negligently, carelessly and with palpable unreasonableness maintained the aforesaid zipline, failed to provide adequate warnings of known hazards at the premises, failed to provide safety measures in place for the zipline, and otherwise created a hazardous and dangerous condition severely injuring the plaintiff, NATHANIEL CAPELES.

4.      At the aforesaid time and place, the Defendants owed a duty to Plaintiff and persons such as Plaintiff to keep its premises in a safe and proper condition, and free and clear of

hazardous and dangerous conditions and disrepairs which would endanger the safety of Plaintiff or persons such as Plaintiff.

5.    The existence of the unsecured and dangerous zipline, created a substantial risk of injury when the property was used with due care and in a manner in which it is foreseeable that it will be used.

6.    The dangerous condition of the subject property created a foreseeable risk of the kind of injury that the Plaintiff suffered.

7.    The Defendants above disregarded and breached their duty aforesaid and negligently, carelessly and with palpably unreasonable disregard allowed the premises to be improperly and dangerously maintained and to remain in an unsafe, dangerous and unreasonable condition by allowing said hazardous and unreasonable condition to exist on said premises for months, all of which the Defendants had due notice of or by reasonable inspection would have discovered or because the dangerous condition existed for such a long period of time and was of so obvious a nature that the Defendants, exercising due care, should have discovered the dangerous condition and its dangerous character.

8.    The Defendants' failure to respond to the dangerous condition by either correcting, repairing, remedying, safeguarding or warning of it, was palpably unreasonable, plainly and obviously without reason or a reasonable basis, capricious arbitrary and outrageous.

9.    As a direct and proximate cause of the aforesaid dangerous condition and carelessness, negligence and palpably unreasonable conduct of the Defendants, the Plaintiff suffered severe and permanent injuries; was disabled and disfigured; has suffered and will continue to suffer great pain and torment, both mental and physical.

10.     As a direct and proximate cause of the aforesaid dangerous condition and carelessness, negligence and palpably unreasonable conduct of the Defendants and the injuries caused thereby to the Plaintiff, the Plaintiff has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

**WHEREFORE**, plaintiff, NATHANIEL CAPELES, JACQUELINE CAPELES *his wife per quod*, and, JACQUELINE CAPELES g/a/l ETHAN CAPELES, DEVIN CAPELES, LYDIA CAPELES, demands judgment against defendants, JACOB LADD, AIRBNB, BNBS R US, ABC CORPORATION 1-10, ABC MAINTENANCE 1-10, XYZ MANAGEMENT 1-10 and JOHN/JANE DOES 1-10 (last four names being fictitious and presently unknown), jointly, severally and in the alternative for damages, together with interest and costs of suit.

## SECOND COUNT

11.     The Plaintiffs repeat, reiterate and reallege each and every allegation contained in The Parties and First Count if set forth herein at length.

12.     On or about July 1, 2023, the plaintiff, NATHANIEL CAPELES, was a business invitee of defendants JACOB LADD, AIR BNB, BNBS R US, and/or ABC CORPORATION 1-10 and was lawfully using a zipline provided by defendant JACOB LADD and advertised by defendant AIR BNB as an amenity and selling point of the property that was located at or near 284 Ken Lin Drive, Myerstown, Pennsylvania plaintiff was caused to fall due to hazardous and dangerous zipline set up upon the property, namely when the unsecured, unattended, uninstructed, improperly used, zipline provided with no safety harness, or lock in mechanism for the zipline rider jerked back causing the plaintiff to fall ten feet to the ground, seriously injuring

his body. Defendant's conduct was careless, negligent, reckless in both advertising and in the use and operation of said zipline.

13.    At all times herein mentioned, the defendants, AIR BNB, negligently and carelessly advertised, represented, promised, insured and led the plaintiff to believe the rented premises was safe for use as advertised and represented thus contributing to causing the injuries of which the Plaintiff herein complains.

14.    As a direct and proximate result of the aforesaid negligence by the defendants, AIRBNB, together with the negligence of the other named Defendants, the plaintiff, NATHANIEL CAPELES, was painfully and permanently injured and otherwise damaged as previously set forth herein at length.

15.    The Defendants' failure to respond to the dangerous condition by either correcting, repairing, remedying, safeguarding and/or warning of it, was palpably unreasonable, plainly and obviously without reason or a reasonable basis, capricious arbitrary and outrageous.

16.    As a further result of Defendants' aforesaid negligence and the injuries caused thereby to the Plaintiff, the Plaintiff has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to her usual occupation, duties, activities and business.

**WHEREFORE**, plaintiff, NATHANIEL CAPELES, JACQUELINE CAPELES *his wife per quod*, and, JACQUELINE CAPELES g/a/l ETHAN CAPELES, DEVIN CAPELES, LYDIA CAPELES, demands judgment against defendants, JACOB LADD, AIRBNB, BNBS R US, ABC CORPORATION 1-10, ABC MAINTENANCE 1-10, XYZ MANAGEMENT 1-10 and JOHN/JANE DOES 1-10 (last six names being fictitious and presently unknown), jointly, severally and in the alternative for damages, together with interest and costs of suit.

## THIRD COUNT

17.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in The Parties and First and Second Counts if set forth herein at length.

18.     On or about July 1, 2023, the plaintiff, NATHANIEL CAPELES, was a business invitee of defendants, JACOB LADD, AIR BNB, BNBS R US and/or ABC CORPORATION 1-10 and was lawfully using a zipline provided by defendant JACOB LADD and advertised by defendant AIR BNB as an amenity and selling point of the property that was located at or near 284 Ken Lin Drive, Myerstown, Pennsylvania plaintiff was caused to fall due to hazardous and dangerous zipline set up upon the property, namely when the unsecured, unattended, uninstructed, improperly used zipline provided with no safety harness, or lock in mechanism for the zipline rider jerked back causing the plaintiff to fall ten feet to the ground, seriously injuring his body. Defendant's conduct was careless, negligent, reckless in both advertising and in the use and operation of said zipline.

19.     At the aforesaid time and place and prior thereto the Defendants, JACOB LADD, AIRBNB, BNBS R US, ABC CORPORATION 1-10, ABC MAINTENANCE 1-10, XYZ MANAGEMENT 1-10 and JOHN/JANE DOES 1-10 and were responsible for construction, maintenance, inspection, management and repairs of the mentioned premises including but not limited to maintaining the zipline on the premises.

20.     At the aforesaid time and place, the Defendants owed a duty to Plaintiff and persons such as Plaintiff to keep its premises in a safe and proper condition, and free and clear of any and all hazardous, dangerous and unreasonable condition and disrepair which would endanger the safety of Plaintiff or persons such as Plaintiff and to warn Plaintiff of any of the above.

21.     At the aforesaid time and place, the Defendants so negligently, carelessly and with palpable unreasonableness operated, maintained, repaired, inspected, managed and/or controlled as contractor or maintenance company, the subject premises in such a way so as to the cause the Plaintiff, NATHANIEL CAPELES, to become injured due to the presence of a hazardous, dangerous and unreasonable condition of said premises located on or about the premises, causing Plaintiff to fall.

22.     The Defendants above disregarded their duty aforesaid and negligently, carelessly and with palpably unreasonable disregard allowed the premises to be improperly and dangerously maintained and to remain in an unsafe, dangerous and unreasonable condition by allowing said hazardous and unreasonable condition to exist on said premises, all of which the defendants had due notice of or by reasonable inspection would have discovered.

23.     The Defendants as aforesaid breached their duty owed to Plaintiff aforesaid and negligently, carelessly and with unreasonableness allowed the premises to be improperly, dangerously and unreasonably maintained and allowed said premises to remain in an unsafe and dangerous condition by allowing a hazardous, dangerous and unreasonable condition to exist on the premises which condition the defendants had actual notice of or by reasonable inspection thereof would have discovered.

24.     That at all times hereinafter mentioned, the said Defendants had actual notice of said hazardous, dangerous and unreasonable conditions and/or by reasonable inspection thereof, would have and should have discovered the hazardous, dangerous and unreasonable condition existing and corrected same.

25.     Due to the length of time the dangerous condition was there and the obviousness of the condition, an employee, agent or servant, performing his job with reasonable care should

have discovered the dangerous condition and its dangerous character, the Defendants had constructive notice of such dangerous condition that caused the Plaintiff's injuries.

26.    The Defendant's failure to respond to the dangerous condition by either correcting, repairing, remedying, safeguarding or warning of it, was palpably unreasonable, plainly and obviously without reason or a reasonable basis, capricious arbitrary and outrageous.

27.    As a result of the aforesaid carelessness, negligence and palpably unreasonable conduct of the Defendants, the Plaintiff suffered severe and permanent injuries; was disabled and disfigured; has suffered and will continue to suffer great pain and torment, both mental and physical.

28.    As a further result of Defendants' aforesaid negligence and the injuries caused thereby to the Plaintiff, the Plaintiff has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to her usual occupation, duties, activities and business.

**WHEREFORE**, plaintiff, NATHANIEL CAPELES, JACQUELINE CAPELES *his wife per quod*, and, JACQUELINE CAPELES g/a/l ETHAN CAPELES, DEVIN CAPELES, LYDIA CAPELES, demands judgment against defendants, JACOB LADD, AIRBNB, BNBS R US, ABC CORPORATION 1-10, ABC MAINTENANCE 1-10, XYZ MANAGEMENT 1-10 and JOHN/JANE DOES 1-10 (last six names being fictitious and presently unknown), jointly, severally and in the alternative for damages, together with interest and costs of suit.

## FOURTH COUNT

29.    The Plaintiffs repeat, reiterate and reallege each and every allegation contained in The Parties and First, Second and Third Counts if set forth herein at length.

30.    On or about July 1, 2023, the plaintiff, NATHANIEL CAPELES, was a business invitee of defendants JACOB LADD, AIR BNB, BNBS R US and/or ABC CORPORATION 1-10 and was lawfully using a zipline provided by defendant JACOB LADD and advertised by defendant AIR BNB as an amenity and selling point of the property that was located at or near 284 Ken Lin Drive, Myerstown, Pennsylvania plaintiff was caused to fall due to hazardous and dangerous zipline set up upon the property, namely when the unsecured, unattended, uninstructed, improperly used zipline provided with no safety harness, or lock in mechanism for the zipline rider jerked back causing the plaintiff to fall ten feet to the ground, severely injuring his body. Defendant's conduct was careless, negligent, reckless in both advertising and in the use and operation of said zipline.

31.    At all times herein mentioned, the defendants, BNBS R US, negligently and carelessly performed the aforesaid duties at the premises, causing the injuries of which the Plaintiff herein complains.

32.    As a direct and proximate result of the aforesaid negligence by the defendants, BNBS R US, together with the negligence of the other named Defendants, the plaintiff, NATHANIEL CAPELES, was painfully and permanently injured and otherwise damaged as previously set forth herein at length.

33.    The Defendants' failure to respond to the dangerous condition by either correcting, repairing, remedying, safeguarding and/or warning of it, was palpably unreasonable, plainly and obviously without reason or a reasonable basis, capricious arbitrary and outrageous.

34.    As a further result of Defendants' aforesaid negligence and the injuries caused thereby to the Plaintiff, the Plaintiff has been and will be in the future compelled to spend great

and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to her usual occupation, duties, activities and business.

**WHEREFORE**, plaintiff, NATHANIEL CAPELES, JACQUELINE CAPELES *his wife per quod*, and, JACQUELINE CAPELES g/a/l ETHAN CAPELES, DEVIN CAPELES, LYDIA CAPELES, demands judgment against defendants, JACOB LADD, AIRBNB, BNBS R US, ABC CORPORATION 1-10, ABC MAINTENANCE 1-10, XYZ MANAGEMENT 1-10 and JOHN/JANE DOES 1-10 (last six names being fictitious and presently unknown), jointly, severally and in the alternative for damages, together with interest and costs of suit.

## FIFTH COUNT

35.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in the Facts Applicable to All Counts and First, Second, Third, and Fourth Counts as if set forth at length herein.

36.    On or about July 1, 2023, plaintiff, NATHANIEL CAPELES, was a business invitee of Defendants, JACOB LADD, AIR BNB, BNBS R US and/or ABC CORPORATION 1/10, and was lawfully using a zipline provided by defendant JACOB LADD and advertised by defendant, AIR BNB as an amenity and selling point of the property, that was located at or near 284 Ken Lin Drive in Myerstown, Pennsylvania plaintiff was caused to fall due to hazardous and dangerous zipline set up upon the property namely when the unsecured, unattended, uninstructed, improperly used zipline provided with no safety harness, or lock in mechanism for the zipline rider jerked back causing the plaintiff to fall ten feet to the ground, seriously injuring his body. Defendant's conduct was careless, negligent, reckless in both advertising and in the use and operation of said zipline.

37.    As a direct and proximate result of the aforesaid negligence by the Defendant JACOB LADD, together with the negligence of the other named Defendants, the plaintiff, NATHANIEL CAPELES, was painfully and permanently injured and otherwise damaged as previously set forth herein at length.

38.    As a further result of Defendants' aforesaid negligence and the injuries caused thereby to the Plaintiff, the Plaintiff has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

WHEREFORE, the plaintiffs, NATHANIEL CAPELES, JACQUELINE CAPELES *his wife per quod*, and, JACQUELINE CAPELES g/a/l ETHAN CAPELES, DEVIN CAPELES, LYDIA CAPELES, demands judgment against the defendants, JACOB LADD, AIR BNB, BNBS R US, ABC CORPORATIONS 1-10, ABC MAINTENANCE 1-10, XYZ MANAGEMENT 1-10 and JOHN/JANE DOES 1-10, (last four names being fictitious and presently unknown), individually, jointly and severally or in the alternative, in the amount of his damages together with interest and costs of suit.

## SIXTH COUNT

39.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in the Facts Applicable to All Counts and First, Second, Third, Fourth, and Fifth Counts as if set forth at length herein.

40.    On or about July 1, 2023, plaintiff, NATHANIEL CAPELES, was a business invitee of Defendants, JACOB LADD, AIR BNB, BNBS R US and/or ABC CORPORATION 1/10, and was lawfully using a zipline provided by defendant JACOB LADD and advertised by defendant, AIR BNB as an amenity and selling point of the property, that was located at or near

284 Ken Lin Drive in Myerstown, Pennsylvania plaintiff was caused to fall due to hazardous and dangerous zipline set up upon the property namely when the unsecured, unattended, uninstructed, improperly used zipline provided with no safety harness, or lock in mechanism for the zipline rider jerked back causing the plaintiff to fall ten feet to the ground, seriously injuring his body. Defendant's conduct was careless, negligent, reckless in both advertising and in the use and operation of said zipline.

41.    As a direct and proximate result of the aforesaid negligence by the Defendant AIR BNB, together with the negligence of the other named Defendants, the plaintiff, NATHANIEL CAPELES, was painfully and permanently injured and otherwise damaged as previously set forth herein at length.

42.    As a further result of Defendants' aforesaid negligence and the injuries caused thereby to the Plaintiff, the Plaintiff has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

WHEREFORE, the plaintiffs, NATHANIEL CAPELES, JACQUELINE CAPELES *his wife per quod*, and, JACQUELINE CAPELES g/a/l ETHAN CAPELES, DEVIN CAPELES, LYDIA CAPELES, *per quod*, demands judgment against the defendants, JACOB LADD, AIR BNB, BNBS R US, ABC CORPORATIONS 1-10, ABC MAINTENANCE 1-10, XYZ MANAGEMENT 1-10 and JOHN/JANE DOES 1-10, (last four names being fictitious and presently unknown), individually, jointly and severally or in the alternative, in the amount of his damages together with interest and costs of suit.

## **SEVENTH COUNT**

43.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in the Facts Applicable to All Counts and First, Second, Third, Fourth, Fifth and Sixth Counts as if set forth at length herein.

44.     On or about July 1, 2023, plaintiff, NATHANIEL CAPELES, was a business invitee of Defendants, JACOB LADD, AIR BNB, BNBS R US and/or ABC CORPORATION 1/10, and was lawfully using a zipline provided by defendant JACOB LADD and advertised by defendant, AIR BNB as an amenity and selling point of the property, that was located at or near 284 Ken Lin Drive in Myerstown, Pennsylvania plaintiff was caused to fall due to hazardous and dangerous zipline set up upon the property namely when the unsecured, unattended, uninstructed, improperly used zipline provided with no safety harness, or lock in mechanism for the zipline rider jerked back causing the plaintiff to fall ten feet to the ground, seriously injuring his body. Defendant's conduct was careless, negligent, reckless in both advertising and in the use and operation of said zipline.

45.     As a direct and proximate result of the aforesaid negligence by the Defendant BNBS R US, together with the negligence of the other named Defendants, the plaintiff, NATHANIEL CAPELES, was painfully and permanently injured and otherwise damaged as previously set forth herein at length.

46.     As a further result of Defendants' aforesaid negligence and the injuries caused thereby to the Plaintiff, the Plaintiff has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

WHEREFORE, the plaintiffs, NATHANIEL CAPELES, JACQUELINE CAPELES *his wife per quod*, and, JACQUELINE CAPELES g/a/l ETHAN CAPELES, DEVIN CAPELES, LYDIA CAPELES, demands judgment against the defendants, JACOB LADD, AIR BNB, BNBS R US, ABC CORPORATIONS 1-10, ABC MAINTENANCE 1-10, XYZ MANAGEMENT 1-10 and JOHN/JANE DOES 1-10, (last four names being fictitious and presently unknown), individually, jointly and severally or in the alternative, in the amount of his damages together with interest and costs of suit.

## EIGHTH COUNT

47.    Plaintiff repeats, reiterates and realleges each and every allegation contained in The Parties and the First, Second, Third, Fourth, Fifth, Sixth and Seventh Counts as if set forth herein at length.

48.    As a direct and proximate result of the negligence of the Defendants, the Plaintiff was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization, medication and surgical intervention and has been and will in the future continue to be hampered in his daily routine due to the permanent nature of his injuries.

49.    As a direct and proximate result of the negligence of the Defendants, Plaintiff has been forced to incur medical expenses, including but not limited to liens, deductibles and out-of-pocket expenses, which were usual, reasonable, customary, necessary, and casually related to the subject accident.

50.    As a result of these actions, Plaintiff has suffered damages.

**WHEREFORE**, plaintiff, NATHANIEL CAPELES, JACQUELINE CAPELES *his wife per quod*, and, JACQUELINE CAPELES g/a/l ETHAN CAPELES, DEVIN CAPELES, LYDIA

CAPELES, demands judgment against defendants, JACOB LADD, AIRBNB, BNBS R US, ABC CORPORATION 1-10, ABC MAINTENANCE 1-10, XYZ MANAGEMENT 1-10 and JOHN/JANE DOES 1-10 (last six names being fictitious and presently unknown), jointly, severally and in the alternative for damages, together with interest and costs of suit.

## NINTH COUNT-PER QUOD

51.    The Plaintiff, JACQUELINE CAPELES, repeats each and every allegation contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Counts of the Complaints as though set forth herein more fully at length.

52.    At all times relevant herein, the Plaintiff, JACQUELINE CAPELES, was the lawful wife of the Plaintiff, NATHANIEL CAPELES

53.    As a direct and proximate cause of the negligence, carelessness and recklessness of the Defendants, as aforesaid, the Plaintiff, JACQULINE CAPELES, has been and will be deprived of the services, consortium and companionship of the Plaintiff, NATHANIEL CAPELES, has been and will be deprived of the services, companionship and society in the future, and has been and will be in the future caused to expend large sums of money in an effort to cure her husband and of his injuries and will be caused to incur other great expenses and consequential damages.

**WHEREFORE**, Plaintiff, JACQUELINE CAPELES, hereby demands judgment against the Defendants, JACOB LADD, AIR BNB, BNBS R US, ABC CORPORATION 1-10, ABC MAINTENANCE 1-10, XYZ MANAGEMENT 1-10 and JANE/JOHN DOES 1-10 (last four names being fictitious and presently unknown.), individually, jointly and severally or in the alternative, in the amount of her damages together with interest and costs of suit.

## TENTH COUNT- PORTEE CLAIM

54.    The plaintiffs, JACQUELINE CAPELES *as guardian ad litem for* ETHAN CAPELES, a minor, DEVIN CAPELES, a minor, LYDIA CAPELES, repeat, reiterate and reallege each and every allegation contained in the Facts Applicable to All Counts, and the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Counts as if fully set forth herein at length.

55. As a direct and proximate result of the aforesaid negligence of the defendants, plaintiff, JACQUELINE CAPELES *as guardian ad litem for* ETHAN CAPELES, a minor, DEVIN CAPELES, a minor, LYDIA CAPELES were painfully and permanently injured psychologically.

56.    Immediately upon the happening of the aforesaid incident, the plaintiffs, JACQUELINE CAPELES *as guardian ad litem for* ETHAN CAPELES, a minor, DEVIN CAPELES, a minor, LYDIA CAPELES observed the incident, including, their father and son NATHANIEL CAPELES falling ten feet to the ground from the zipline.    Plaintiffs, JACQUELINE CAPELES *as guardian ad litem for* ETHAN CAPELES, a minor, DEVIN CAPELES, a minor, LYDIA CAPELES were and continue to be forced to endure the memory of witnessing their father and son's experience of great pain.

57. As a direct and proximate result of the negligence of the Defendants, plaintiffs, JACQUELINE CAPELES *as guardian ad litem for* ETHAN CAPELES, a minor, DEVIN CAPELES, a minor, LYDIA CAPELES suffered severe emotional distress, and they assert a claim pursuant to the New Jersey Supreme Court decision in <u>Portee vs. Jaffee</u>, 84 NJ 88 (1980).

58.    As a direct and proximate result of the aforesaid negligence of the defendants, plaintiffs JACQUELINE CAPELES *as guardian ad litem for* ETHAN CAPELES, a minor,

DEVIN CAPELES, a minor, LYDIA CAPELES, were permanently injured psychologically, incurred, and in the future will incur, medical expenses in an effort to cure himself of his injuries and was otherwise prevented from attending to his regular pursuits, education and duties.

**WHEREFORE**, plaintiffs, JACQUELINE CAPELES *as guardian ad litem for* ETHAN CAPELES, a minor, DEVIN CAPELES, a minor, LYDIA CAPELES*,* demand judgment against defendants, JACOB LADD, AIR BNB, BNBS R US, ABC CORPORATIONS 1-10, ABC MAINTENANCE 1-10, XYZ MANAGEMENT 1-10, and JOHN/JANE DOES 1-10 (last four names being fictitious and presently unknown), jointly, severally and in the alternative for damages, together with interest and costs of suit.

### ELEVENTH COUNT-BAD FAITH

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in The Parties and the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Counts as if set forth herein at length

60. Defendants AIRBNB, BNBS R US, had an obligation under law to act reasonably and in good faith in the settlement and/or negotiation and litigation of the claim.

61. Defendant, AIRBNB, BNBS R US, breached its duty under law by wrongfully refusing to attempt to settle the claim after having received a demand for settlement.

62. Furthermore, AIRBNB, BNBS R US ignored the plaintiff's multiple requests to conduct discovery and to participate in arbitration in violation of their own agreement. As a direct and proximate result of Defendant AIRBNB'S failure to abide by their own Arbitration Clause, Plaintiff NATHANIEL CAPELES has been harmed and suffered additional damages.

WHEREFORE, the plaintiffs, NATHANIEL CAPELES, JACQUELINE CAPELES *his wife per quod*, and, JACQUELINE CAPELES g/a/l ETHAN CAPELES, DEVIN CAPELES,

LYDIA CAPELES, demands punitive damages against the defendants, JACOB LADD, AIR BNB, BNBS R US, ABC CORPORATIONS 1-10, ABC MAINTENANCE 1-10, XYZ MANAGEMENT 1-10 and JOHN/JANE DOES 1-10, (last four names being fictitious and presently unknown), individually, jointly and severally or in the alternative, in the amount of his damages together with interest and costs of suit.

THE VESPI LAW FIRM, LLC
Attorneys for Plaintiff

By: _____
        JARED E. DRILL

Dated: October 8, 2024

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>R</u>. 4:25, please be advised that Jared E. Drill is hereby designated trial counsel with respect to the within matter.

## JURY DEMAND

Pursuant to <u>R</u>. 4:35-1, Plaintiff(s) demand a trial by jury as to all issues so triable.

THE VESPI LAW FIRM, LLC
Attorneys for Plaintiff

By: _____
        JARED E. DRILL

Dated: October 8, 2024

## **CERTIFICATION**

In accordance with <u>R</u>. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of another action either pending in any Court or in an arbitration proceeding.  Nor are any other actions or arbitration proceedings is contemplated.  To the best of my knowledge, there are no other parties who should be joined as parties in this action.

Further, in accordance with <u>R</u>. 4:5-1(b)(3), I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).


THE VESPI LAW FIRM, LLC
Attorneys for Plaintiff


By: _____
      JARED E. DRILL

Dated: October 8, 2024

## DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiff, NATHANIEL CAPELES hereby demands answers to **Uniform Interrogatories Form C and Form C(2)** within sixty (60) days of the filing of Defendants' Answer to this Complaint.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiff(s) hereby demands answers to the attached **Supplemental Interrogatories** within sixty (60) days of the filing of Defendants' Answer to this Complaint.

THE VESPI LAW FIRM, LLC
Attorneys for Plaintiff

By: _____
JARED E. DRILL

Dated:

## **DEMAND FOR DISCOVERY OF INSURANCE INFORMATION**

Pursuant to New Jersey Court Rule 4:10-2(b), Demand is made that Defendant disclose to Plaintiff whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff with true copies of those insurance agreements or policies, including but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage but also any and all EPLI, excess, and umbrella policies.

If the answer is "yes" attach a copy of each or in the alternative state, under oath or certification (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied.

Are any of the named Defendants self-insured? **YES ( )  NO ( )**

THE VESPI LAW FIRM, LLC
Attorneys for Plaintiff

By: _____
    JARED E. DRILL

Dated: October 8, 2024

## DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that in accordance with the Rules of Civil Practice and Procedure, you are hereby required to provide originals or certified copies of the following documents, records and data, as set forth herein, pursuant to R. 4:18-1, and to permit the undersigned attorneys, or their representatives, to inspect and copy same at The Vespi Law Firm, LLC located at 361 Union Boulevard, Totowa, New Jersey.

**PLEASE TAKE FURTHER NOTICE** that the term "document" as used herein shall include any written, recorded or graphic matter, or any tangible thing pertaining to the subject matter of the request, including photographs, regardless of the manner in which it was produced or recorded, whether originated or received by any and all parties (including documents originated from any party to the subject litigation). If any document was, but is no longer, in your possession, set forth a summary of its contents and state what disposition was made of it, the date of disposition, and whether a copy thereof reposes in the possession or custody of any other person, firm or corporation and if so, please indicate the name and present address of same.

**PLEASE TAKE FURTHER NOTICE** that each request for a document shall be deemed to call for the production of the original document to the extent that it is in or subject, directly or indirectly, to your control. In addition, each request should be considered as including all copies and all preliminary drafts of documents, including negatives of photographs, which, as to content, differ in any respect from the original or final draft, or from each other (e.g.) by reason of hand written notes or comments having been added to one copy of the document but not to the original of the copies thereof.

**PLEASE TAKE FURTHER NOTICE** that you are required to make your written response to the foregoing request in accordance with R. 4:18-1(b) and to serve same upon the

undersigned not later than thirty (30) days after the service of this request.

Please produce on the date, time and place set forth above, the following:

1.      Copies of any photographs, videotapes or other reproduction which you have in your possession, custody, or control which relate, in any manner, to the incident, to the injuries which plaintiff(s) claim to have been sustained as a result of this incident/accident, or to property damage caused by this incident/accident.

2.      Any written statements which you, or your counsel, have in your possession, custody, or control in regard to this incident/accident.

3.      A copy of all medical records regarding any treatment or consultation sought, or received, by plaintiff(s) as a result of this incident/accident.

4.      Any documents which you claim (a) supports the separate defenses set forth in your responsive pleading to plaintiff's complaint and your answers to interrogatories or (b) rebuts the allegations set forth in plaintiff(s) complaint or his/her answers to interrogatories.

5.      Any and all documentation regarding any compensation or reimbursement which you claim plaintiff received, or requested, as a result of this accident/incident.

6.      A copy of, or a description by category or location of, all documents, dates of compilations, and tangible things in the possession, custody or control of defendants that relate to the disputed facts alleged with particularity in the pleadings.

7.      A copy of all written reports prepared and signed by any person who may be used at trial under Evidence Rules 702, 703 or 705.

8.      Copies of all notes, records, and reports of all doctors, physiatrists, nurses, psychiatrists, psychologists, neuropsychologist, neurologist, or any other healthcare professional retained by defendants for purposes of performing an examination and evaluation on the Plaintiff.

9.      Any written statement which you or your counsel have in your possession regarding any of the facts set forth in any party's answer to interrogatories, initial pleading, or responsive pleading, or with respect to any damages.

10.     Any and all insurance agreements or policies under which any person or firm carrying an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy judgment pursuant to R 4:10-2(b).  Terms of the policy are also requested.

11.     Copies of any and all documents, not otherwise set forth, which were sent to or received from the plaintiff(s).

12.     Copies of any and all statements and other documents obtained by any person or entity

which concern or relate to plaintiff(s) complaint or any defendant(s) answers, separate defense(s), or counterclaim.

13.     Any and all documents which were filled out by or on behalf of plaintiff at the request of defendant's expert, or his/her agents or employees.

14.     Any and all documents considered by defendant's expert in preparing his/her report or conducting an examination or evaluation.

15.     Any and all diagrams, charts models, drawings, maps or other exhibits prepared by or on behalf of any party related to the subject matter of the complaint.

16.     Any and all police reports concerning any automobile accident involving any defendant that occurred within one year (before and after) of the date of the incident(s) complained of in plaintiff's complaint.

17.     Any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations, standards or other documents referred to and utilized by or relied upon by any expert witness whom the party responding to this document demand intends to call at trial.

18.     Any and all treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel, and/or your experts intend to rely upon, utilize and/or offer into substantive evidence or to substantiate any opinions, testimony or conclusions asserted by your experts.

19.     Any and all treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel, and/or your experts intend to rely upon to rebut, examine and/or cross-examine any witness, including expert witnesses, in this matter, including but not limited to the exact page upon which you, your attorney and/or your expert intend to rely, as well as the exact title, name, author, publisher, date of publication, and edition.

20.     Any and all transcripts of sworn testimony (including but not limited to depositions and testimony before any tribunal and/or court) given by an expert who may testify in this matter.

21.     Any and all documents concerning any and all claims for bodily injury to plaintiff that are in the possession, custody, or control of defendant or defendant's attorney.

22.     Any and all documents you have concerning any claim for bodily injuries made by plaintiff(s) other than the incident concerning this lawsuit.

23.     Copies of any and all statements that will be used at trial, or will be used to cross-examine or impeach any witness.

24.     Any and all surveillance videos, reports, notes, memoranda, or other documents respecting plaintiff.

25.     Any and all hospital records and reports of doctors and medical records of any doctors who treated <u>defendant</u> for injuries sustained in the incident which forms the basis of this suit. Any and all records, memoranda, forms, documents, and notices relating to claims, notices, or suits that have alleged the same or similar condition(s) as alleged by plaintiff to have caused plaintiff's injury.  Your response to this request should include names and addresses of all claimants, their attorneys, insurance companies, claim numbers, defense attorneys, plaintiff and defendant liability expert reports, photographs portraying the site of accident/incident, interrogatories by all parties, demands for admission by all parties, and depositions of all deponents.  (If your response to this request would entail voluminous copying, you are requested to contact this office so that reasonable copying and postage expenses may be agreed upon.)

26.     If plaintiff's incident relates to premises owned, leased or managed by any of the parties to this litigation, then please supply a copy of the **deed** indicating ownership on the date of the incident and any **leases** in effect on the date of plaintiff's incident.

27.     If plaintiff has alleged negligent or improper construction or a defective condition, then provide copies of the applicable design plans, blue prints, architectural drawings, construction plans, certificate of occupancy; building permit; contract for the construction or repair encompassing the area where plaintiff was injured; contract with any architect or designer involved in the design of the premises; and contract with any construction manager.

28.     Copies of all leases between defendant and each tenant of the premises on the date set forth in the complaint.

29.     If plaintiff's allegations include failure to maintain a premise (for example, snow removal or maintenance; fall as a result of garbage or debris or defective condition) then provide a copy of any and all contracts between defendant and any snow removal contractor, maintenance service or other independent contractor whose negligent performance of his/her duties may have been the cause of plaintiff's incident.

30.     If defendant received any violation notices pertaining to the premises from any governmental entity within a two-year period prior to and six month period after the subject incident, then kindly provide copies of all such notices.

31.     If the condition of which plaintiff complained was repaired, removed and/or corrected subsequent to plaintiff's incident, then provide copies of all bills, contracts and other writings related to such repair, removal or correction.